IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC TIMOTHY WYNN<br>(# 33655-077), | § § § | |
| Movant, | § § | |
| V. | § | No. 3:14-cv-2142-L-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Movant Eric Timothy Wynn ("Wynn"), a federal prisoner, proceeding *pro se*, initiated this civil action by filing a motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The action has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss this action as barred by the statute of limitations.

**Background**

On June 23, 2000, a jury convicted Wynn of two counts of obstructing commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and 2, and two counts of use of a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2, and on September 7, 2000, he was sentenced to a total term of 425 months' incarceration. The United States Court of Appeals for the

Fifth Circuit affirmed the Court's judgment. *See United States v. Wynn*, 61 F. App'x 917, 2003 WL 1100804 (5th Cir. Feb. 13, 2003) (per curiam). And the United States Supreme Court denied Wynn's petition for writ of certiorari on June 23, 2003. *See Wynn v. United States*, 123 S. Ct. 2625 (2003).

While Wynn has filed a post-conviction motion pursuant to Federal Rule of Civil Procedure 60(b), which the Court denied on September 21, 2010, *see United States v. Wynn*, No. 3:00-cr-35-L, 2010 WL 3719224 (N.D. Tex. Sept. 21, 2010), he waited until May 2014 to seek, for the first time, relief pursuant to 28 U.S.C. § 2255, *see* Dkt. No. 2 at 13.

The Court should dismiss this action where Wynn is not entitled to relief on his Section 2255 motion because it is time-barred and because he has neither shown that rare and exceptional circumstances justify equitable tolling of the limitations period nor shown that he is actually innocent.

**Legal Standards**

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam) (in which the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of equitable tolling because movant "was not misled about his cause of action or prevented in an extraordinary way from asserting his rights" but, instead, failed to mail the Section 2255 motion to the correct court within the limitation period, an error the court of appeals characterized as "a 'garden variety' claim of excusable neglect, which is insufficient to justify application of the doctrine of equitable tolling" (quoting *Irwin*, 498 U.S. at 96)).

The Supreme Court has determined that the AEDPA statute of limitations also

-3-

can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted and emphasis in original)).

**Analysis**

Wynn asserts that his Section 2255 motion is timely under 28 U.S.C. § 2255(f)(3) and, moreover, that he is actually innocent. *See* Dkt. No. 2 at 12.

Wynn contends that his motion is timely chiefly because the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), set forth a new rule of rule that is retroactively applicable to cases on collateral review. But the Fifth Circuit has held that *Alleyne* is not retroactively applicable and, thus, of no use to Wynn here:

> In *Alleyne*, the Supreme Court held that any fact that increases a defendant's mandatory minimum sentence must be submitted to a jury to be proved beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163. Only the Supreme Court can render a new rule retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001). *Alleyne* is a direct criminal appeal, *see Alleyne*, 133 S. Ct. at 2155-56, and therefore did not involve a retroactive application of a rule on collateral review. Moreover, the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review.

*In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (per curiam). To the extent that Wynn also claims that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), apply retroactively to this collateral attack of his sentences, *see* Dkt. No. 3 at 3, they do not, *see, e.g.*, *Kemper*, 735 F.3d at 212 ("Kemper has also failed to show that the Supreme Court has made *Booker*, *Blakely*, *Ring*, and *Apprendi* retroactively applicable to cases on collateral review." (citing *Foster v. Quarterman*, 466 F.3d 359, 369-70 (5th Cir. 2006) (as to *Blakely*, *Ring*, and *Apprendi*); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (as to *Booker*))).

Wynn also contends that is actually innocent of brandishing a firearm and the Section 924(c) offenses. *See* Dkt. No. 7. Wynn's basis for this contention is that "the jury was not properly instructed on the aiding and abetting aspect of the § 924(c) link to the robbery of the Dairy Way store" on November 29, 1999. *Id.* at 3. But such a contention – that a jury instruction was in error – alone, even if true, cannot be the basis for an actual (factual) innocence claim. On the contrary, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28) (internal

-5-

quotation marks omitted); *see Bosley v. Cain*, 409 F.3d 657, 662 (5th Cir. 2005) ("[T]he [actual innocence] standard requires the district court to 'make a probabilistic determination about what reasonable, properly instructed jurors would do.'" (quoting *Schlup*, 513 U.S. at 329)); *see also United States v. Tyler*, 732 F.3d 241, 255 & n.4 (3d Cir. 2013) (Shwartz, J., dissenting) ("[L]egally invalid jury instructions given at trial alone cannot render a petitioner actually innocent because *Bousley* and *Schlup* require us to review the facts from the perspective of a reasonable, properly instructed juror."); *cf. Jones v. Hanks*, 116 F.3d 1482, 1997 WL 355515, at *2 (7th Cir. June 24, 1997) (per ciuriam) ("Jones asserts that he is actually innocent and that his due process rights were violated because his conviction was based on jury instructions that omitted the essential element of intent.... Jones fails to show that he is factually, as opposed to legally, innocent of the crime for which he was convicted and therefore is also not entitled to have a federal court entertain his second petition under the actual innocence or miscarriage of justice exception.").

Therefore, the timeliness of the Section 2255 motion must be calculated under Section 2255(f)(1), based on the date on which the convictions became final, which was on June 23, 2003, "when the Supreme Court denied certiorari." *Kirkham*, 367 F. App'x at 540 (citing *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000)). The Section 2255 motion filed nearly 10 years after June 23, 2004 is therefore clearly untimely unless equitable tolling applies.

But Wynn also has not shown that the one-year limitations period should be equitably tolled. That is, he has not claimed "that some extraordinary circumstance"

prevented him from asserting the claims he now brings in his Section 2255 motion in a timely manner. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))). As this language implies, "the burden is on" Wynn "to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file" his Section 2255 motion. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted). This Wynn has not done.

## Recommendation

The Court should summarily dismiss this action as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE